in the discharge of his duty. He testified that it had never occurred to him, before the accident to the plaintiff, that the highway, at the place of the accident, needed a fender. A mistake in judgment after such careful consideration as the circumstances require is not negligence. You must show that negligence leads to the mistake in judgment. Even if the commissioner had concluded that a fender would be a good thing at this place, he had to determine between the urgency of this and other calls upon his limited resources. If he had had $6,000 instead of $600 a year to apply to the highways, doubtless his views as to needs would have expanded. As it was, he had to consider and determine how he could best use the little he had. Monk v. Town of New Utrecht, supra.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

(17 App. Div. 162.)

### HENNESSY v. NORTHERN CENT. RY. CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

RAILROADS—ACCIDENT AT CROSSING—EVIDENCE.

Plaintiff's intestate, while crossing defendant's railroad at night, was killed by a train running about 10 miles an hour. The accident occurred shortly after she was seen waiting for another train to pass in the opposite direction, but no one saw the accident. Decedent was in good health, and familiar with the crossing, and, if she had looked before going on the track, she would have seen the train. *Held*, that freedom of decedent from contributory negligence was not shown.

Appeal from trial term, Schuyler county.

Action by Patrick Hennessy, as administrator of Anastasia Hennessy, deceased, against the Northern Central Railway Company, to recover damages for the death of plaintiff's intestate. From a judgment for $2,250 damages, with $215.60 interest and $165.57 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Diven & Redfield, for appellant.
O. P. Hurd, for respondent.

LANDON, J. This action was brought to recover damages for negligently causing the death of the plaintiff's wife. On the night of the 8th of May, 1895, the plaintiff's intestate, Mrs. Hennessy, aged 65 years, in good health, left her house, on the south side of Fourth street, 250 feet east of defendant's railroad, in the village of Watkins, to go to a grocery store upon the northerly side of the same street, about the same distance west of the railroad. The defendant's railroad crosses Fourth street at about right angles. The street is 66 feet wide, and runs about east and west, and the railroad north and south. There are three tracks at the crossing, —the main track upon the west, a siding 8 or 9 feet east of it, and

a switch track about 4 feet east of the siding; the latter diverging to the east so as to be 24 feet from the siding on the north side of the street. The main track and the switch track curve sharply towards the west, north of the street. Mrs. Hennessy approached the crossing upon the south side of the street, and waited there as a freight train passed north on the siding east of the main track, and as a pusher engine followed it on the same track. As the freight train and pusher had passed, she was seen going further west, but was not further seen alive. Just after the freight train and pusher engine behind it had passed north, and as the rear end of the pusher engine stood still, either upon or just north of the north cross or side walk of Fourth street, the passenger train due at that time passed south on the main track, going from 8 to 10 miles an hour. Mrs. Hennessy was afterwards found dead 25 feet south of the south side of Front street, near the main track. No one saw the train strike her. The fair inference from the facts is that, after the pusher engine following the freight train had passed north, she walked upon the south side of the street over the switch and side tracks upon the main track, and was there struck and killed by the passenger train. There is no direct evidence that she looked or listened for an approaching train before she stepped upon the main track, and we must have recourse to whatever circumstances throw light upon the question. We have the facts that she was in good health, and in the full possession of her faculties, and had the usual desire to avoid injury. It is probable that the pusher engine and freight cars obstructed her view of the coming passenger train when she started over the switch track. She was familiar with this crossing; was seen to start to go over it; to be looking west, the direction she was going; to have her shawl over her shoulders, and partly over her head, grasping it with one hand near her neck. It is clear from the evidence that as she went upon the siding, and across it, and then over the 8 or 9 foot space between the siding and the main track,— about 14 feet in all,—she could have seen the bright headlight of the locomotive of the coming train, if she had looked, anywhere within 400 feet away. But it probably was not so far away when she first came within sight of it. It could not have taken her more than 9 seconds to walk 14 feet, and in that time the train, if moving 10 miles an hour, would advance 132 feet. Thus she might have seen the train for 100 feet or more before she stepped in front of it. But, however this might be, she had ample opportunity to look after the obstruction had moved away, or after she had passed beyond it; and, if she had looked, she could have seen the coming train. The burden was upon the plaintiff to show Mrs. Hennessy's freedom from contributory negligence. No inference from the circumstances can be drawn that she did look or listen. We therefore, without being brought to the consideration of the evidence adduced in support of the charge of negligence against the defendant, must reverse the judgment.

Judgment and order reversed; new trial granted; costs to abide the event. All concur.